rate of six per centum per annum, or they could not be justified in finding in favor of the plaintiff; and if satisfied from the proof produced, that such was the case, the amount of their verdict in favor of the plaintiff, ought not to exceed the actual amount of money lent by the defendant to Deakyne, without interest thereon.

WORK, McCOUCH & CO. *v.* JAMES TATMAN.

A check on a bank payable after date, is an inland bill of exchange. But in an action on such check against the drawer of it, it is not necessary for the plaintiff to allege in his affidavit of the cause of action, that notice of its dishonor for non-payment when due, was served upon the defendant, to entitle him to judgment thereon, without an affidavit of defence filed by the defendant.

ASSUMPSIT on a bank check which was in the following words: Citizens Bank at Middletown, pay to William Myers, or order, two hundred and eighty-nine dollars. Payable September 11th, 1860, signed by James Tatman, the defendant, and endorsed in blank by William Myers, the payee. It bore date August 27th, 1860. The action was brought to the present term of the court, a copy of the check with an affidavit of the cause of action having been previously filed in the usual form by the plaintiffs, who now moved for judgment for the want of an affidavit of defence on the other side.

*T. F. Bayard,* for the defendant, objected to the motion for judgment, because the affidavit of the cause of action filed by the plaintiffs was insufficient to entitle them to it. A check like this, payable after date had been decided in this court to be an inland bill of exchange and that the drawer of it is conditionally liable upon it, and is therefore entitled to notice of its dishonor and non-payment when due and presented. *Bradley v. Hamilton's Admr.,* 5 *Harr.* 305. The affidavit of the cause of action contains no

notice of this fact and no allegation of the notice of the dishonor of the check for non-payment when due and presented at the bank to the defendant, the drawer of it, and therefore it disclosed no legal right on the part of the plaintiffs to recover against the defendant upon the check, without alleging notice of its dishonor duly served upon him. Such affidavits being against the course of the common law, and to some extent perhaps, against natural right, he understood the principle and practice of the court to be to construe them strictly, and in case of doubt, to give the defendant the benefit of it.

*Mc Caulley*, for the plaintiffs : The rule of the court and the statute of the State on this subject simply required in case of a bill of exchange, if this was such, or promissory note, in an action against any person liable upon it, that a copy of the bill, or note should be filed, with an affidavit of the cause of action and that nothing had been paid or delivered in satisfaction of it, unless in case of credits, and then to disclose them with the balance actually and truly due. And this was never intended as a substitute for a declaration in the cause, in which all that has been contended for by the other side, must be duly averred, or the plaintiffs could not recover.

*The Court* gave judgment for the plaintiffs.

———

BENJAMIN McDANIEL *v.* HENRY WEBSTER.

If a special contract be entered into, to build a mill for a specific price, and the mill is built and the special contract is executed, the builder's book of original entries of charges for daily work and materials furnished in building it, is not evidence to prove the work done, or the supply of the material, or the value of either ; for in such a case, he is confined to his special contract and must recover strictly according to the terms of it.

But if there was no special agreement in the case, or if the work was commenced and prosecuted to a certain stage under a special agreement for

39